LLOYD CARTER, Plaintiff, *v.* BROOKLYN LADDER Co., INC., and WILLIAM T. SPOHR, Doing Business as SPOHR Co., Defendants.

Supreme Court, Special Term, New Yor . County, January 31, 1941.

*Louis Schwartz* [*Milton J. Tieger* of counsel], for the plaintiff.

*John P. Smith* [*Charles D. Francis, Jr.,* of counsel], for the defendants.

McLAUGHLIN, J. The plaintiff. brings this action pursuant to the provisions of section 29 of the Workmen's Compensation Law. While working at the World's Fair for the Continental Baking Company he was injured through the collapse of a rung on a ladder that he was using in the course of his employment. The date of the accident is November 3, 1939. The answer of the defendant Brooklyn Ladder Co., Inc., alleges (¶ 3) that an award was made to him by the State Industrial Board on or about February 15, 1940.

The third-party action was commenced on October 21, 1940. Subdivision 1 of section 29 of the Workmen's Compensation Law provides in part as follows: " If such injured employee * * *, take or intend to take compensation under this chapter and desire to bring action against such other, such action must be commenced

not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues."

The first defense of the defendant Brooklyn Ladder Co., Inc., sets up the Statute of Limitations in that the action was not commenced within six months after the award was made by the State Industrial Board. This defendant moves to compel a reply. The plaintiff cross-moves to dismiss the defense of the Statute of Limitations as insufficient on its face and as not stating facts sufficient to constitute a valid defense. The cross-motion must be denied. There is no merit to the contention of the plaintiff that the court in every case under this section should give the longest period. The statute is plain and the words employed ordinary. They must be given their usual meaning. The limitations are based upon two different sets of facts. It may be that no award would be made until after the year's period of time and in that event the claimant could not wait any longer than a year. If, however, as alleged in the answer, the award is made so that six months' time from the date of the award expires before a year after the accident, then that limitation is applied. It would require a distorted judicial interpretation to construe the act in any other manner. The motion to compel a reply is granted. If there is any defense or denial of this statute as pleaded then that may be passed upon later. The fact that the result may be harsh is a matter for legislative action for the court must construe the statute as its plain wording requires. Settle order.